## In re FRANKLIN PLAN CORPORATION.
### No. 980.

District Court, D. Delaware.
Jan. 25, 1936.

Charles F. Curley and Christopher L. Ward, Jr., both of Wilmington, Del., for trustee.

Benjamin N. Brown and Howard Duane, both of Wilmington, Del., for claimant.

NIELDS, District Judge.

Application to review an order of the referee in bankruptcy entered in the matter of Franklin Plan Corporation, bankrupt.

March 4, 1933, the superior court of New Haven county, Conn., appointed a receiver for Franklin Plan Company of New Haven, Inc., herein called the Connecticut company. May 2, 1933, Franklin Plan Corporation, a Delaware corporation, and holder of 18 shares of preferred stock of the Connecticut company, was adjudicated a bankrupt in this court and a trustee was appointed. June 22, 1933, the re-

ceiver of the Connecticut company filed a claim against the Delaware corporation in this proceeding for $42,608.16. No exception was filed to the claim, and it stands allowed against the estate of the bankrupt.

In the liquidation of the receivership estate, the Connecticut court on September 29, 1933, ordered a dividend paid to the preferred stockholders of the Connecticut company in the following terms:

"The foregoing application of William H. Hackett, Receiver of the Franklin Plan Company of New Haven, Inc., for an order authorizing the payment of a dividend on the preferred stock of the defendant, having been duly filed and said application having been duly heard, and it appearing that said order should be granted;

"It is hereby ordered that said Receiver is hereby authorized to pay forthwith, a dividend of Sixty ($60.00) Dollars on each One Hundred ($100.00) Dollar share of preferred stock of the defendant, held by each preferred stockholder in the defendant, as appears by the records of the defendant on March 4th, 1933, except on the eighteen (18) shares owned by The Franklin Plan Corporation of Wilmington, Delaware, and on said eighteen (18) shares, the Receiver is hereby authorized to credit such dividend on the claim of the defendant against the said The Franklin Plan Corporation."

The amount of "such dividend" to be credited on the claim of the defendant against the said Franklin Plan Corporation was the sum of $1,080. Before the date of the above order, the Delaware trustee had notice that the Connecticut receiver proposed to make the application recited in said order, and the Delaware trustee took no step in the matter, and no appeal was taken from the order.

July 20, 1934, nearly a year after the entry of said order, the Delaware trustee filed in this proceeding a petition to the referee reciting the ownership of 18 shares of preferred stock, admitting in full the debt of the bankrupt to the Connecticut company, and praying for a rule upon the receiver of the Connecticut company to show cause why the sum of $1,080, credited by said receiver on the claim of $42,-608.16, should not be deducted from any amount that hereafter may be allowed in this bankruptcy proceeding on account of said claim of $42,608.16. Upon considering said petition, the rule prayed for was made absolute by order of the referee.

The order of the referee must be annulled. The Connecticut court had full authority to determine who should share in the distribution of the receivership estate. Accordingly, the Connecticut court had authority to exclude the Delaware corporation from participation in the assets of the receivership estate to the extent of any debt due the estate from the Delaware corporation. The Connecticut receiver held as an asset of the receivership estate a claim of over $42,000 against the Delaware corporation. It was the duty of the Connecticut court to aid its receiver to realize upon that asset. This was accomplished by retaining the $1,080 as part of the receivership estate instead of paying it out as dividend to a debtor owing over $42,000. In the administration of the receivership the order was properly made.

The case will be referred back to the referee, with instructions to set aside the order under review, and to conform to this opinion in any further proceeding.